UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>v.<br><br>RAFAEL LOPEZ-MACIAS,<br>    *Defendant.* | No. 3:18-cr-0241 (VAB) |

**RULING AND ORDER ON MOTION TO REDUCE SENTENCE**

Rafael Lopez-Macias ("Defendant") filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). Mot. to Reduce Sentence, ECF No. 114 (Dec. 13, 2023) ("Mot.").

The Government filed a response opposing any reduction of sentence. Response re Motion to Reduce Sentence, ECF No. 118 (Jan. 8, 2024) ("Response").

For the reasons set forth below, Mr. Lopez-Macias's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 is **DENIED**.

**I.     BACKGROUND**

On March 27, 2019, Mr. Lopez-Macias plead guilty to Count Two of the indictment in this case, Possession with Intent to Distribute and Distribution of 500 Grams or More of Methamphetamine in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A)(viii), and Count One of the indictment in case 3:18-cr-191 (VAB), Reentry of a Removed Alien in violation of 8 U.S.C. § 1326(a) and (b)(2). Plea Agreement, ECF No. 37 (March 27, 2019).

On July 3, 2019, the Court sentenced Mr. Lopez-Macias to a term of 120 months for Count Two of the indictment, to be served concurrently with the sentence imposed in 3:18-cr-191 (VAB), which was 24 months. Judgment, ECF No. 81 (July 16, 2019); *see also* Judgement, 3:18-cr-191 (VAB), ECF No. 42 (July 16, 2019).

On December 13, 2023, Mr. Lopez-Macias filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 of the U.S.S.G. Mot.

On December 20, 2023, the Probation Office filed a supplement to the presentence investigation report in reference to Mr. Lopez-Macias's motion. Presentence Investigation Report (Supplement – Amendment 821), ECF No. 117 (Dec. 20, 2023) ("PSR Supp.").

On January 8, 2024, the Government filed response to Mr. Lopez-Macias's motion. Response.

## II.     STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c)(2), "a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive." *United States v. Elendu*, No. 20-CR-179-14 (DLC), 2024 WL 458643, at *2 (S.D.N.Y. Feb. 6, 2024) (citing *United States v. Martin*, 974 F.3d 124, 136, 139 (2d Cir. 2020)).

Courts must arrive at two conclusions before applying a retroactive guidelines amendment to a particular sentence: (1) "the court must find that a defendant is eligible for a reduction"; and (2) "the court, in its discretion, must find that a reduction is merited." *United States v. Blackwell*, No. 3:20-CR-126-4 (OAW), 2024 WL 489155, at *1 (D. Conn. Feb. 8, 2024) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

"[A] court may reduce the term of imprisonment after considering the factors set forth in section 3553(a)[,] and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission" in U.S.S.C. § 1B1.10. *Martin*, 974 F.3d at 136 (citation omitted). A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing, *Dillon*, 560 U.S. at 827, and generally, courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term

that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," *United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021).

### III. DISCUSSION

"Amendment 821 went into effect on November 1, 2023, and was made retroactive by the United States Sentencing Commission." *United States v. Akintola*, No. 21 CR. 472-3 (KPF), 2024 WL 1555304, at *13 (S.D.N.Y. Apr. 10, 2024) (citing U.S.S.G. § 1B1.10(d)). Under the revised guidelines, a "zero-point" offender receives a decrease of two offense levels if the defendant meets all the criteria in § 4C1.1:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense);
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role); and
> (11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;
>
> *See* U.S.S.G. § 4C1.1.

Mr. Lopez-Macias argues that he meets the criteria in § 4C1.1, and thus his offense level should be reduced by two, making his sentencing range 87 to 108 months. Mot. at 3–4. Specifically, Mr. Lopez states that his past convictions gain no criminal history points, as one

conviction for drug trafficking was twenty-one years ago, and the other conviction for forgery had a sentence of less than one year and one day. *Id.* at 4.

The Government argues that Mr. Lopez-Macias is ineligible for a sentence reduction as his sentence was the statutory minimum sentence. Response at 4–5. The Government additionally suggests that in any case, the forgery conviction would gain criminal history points, thus violating the criteria in §4C1.1(1) and making Mr. Lopez-Macias ineligible for the two-level reduction. *Id.* at 5 n.2.

The Probation Office additionally stated that Mr. Lopez-Macias is ineligible for a sentence reduction given the criminal history points from the previous forgery conviction. PSR Supp. at 1–2.

The Court agrees with them.

Mr. Lopez-Macias's previous conviction for forgery warrants criminal history points. Under § 4A1.1(b), two criminal history points are assessed for each prior sentence greater than sixty days but less than one year and one month. *See* U.S.S.G. § 4A1.1 ("(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month. (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in subsection (a)."). Mr. Lopez-Macias was sentenced to one year for his forgery conviction, thus earning two criminal history points. *See* PSR Supp. at 2. As a result, Mr. Lopez-Macias does not meet the criteria from § 4C1.1(1) and is ineligible for the two-level reduction for "zero-point" offenders. *See* U.S.S.G. § § 4C1.1 ("If the defendant meets all of the following criteria: (1) the defendant did not receive any criminal history points from Chapter Four, Part A[.]").

Furthermore, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be

the guideline sentence." U.S.S.G. § 5G1.1(b). Therefore, as the statutory minimum remains 120 months, *see* 21 U.S.C. § 841(b)(1)(a)(viii), there is no possible guideline range lower than 120 months. *See United States v. Johnson*, 732 F.3d 109, 114 (2d Cir. 2013) ("[B]ecause [defendant] remained subject to the mandatory minimum of 120 months, his 'range,' after the amendment, was exactly 120 months."). Consequently, Mr. Lopez-Macias's sentence cannot be reduced under § 3582(c)(2). *See United States v. Carpenter*, 396 Fed. Appx. 743, 744 (2d Cir. 2010) ("District courts are constrained in their ability to modify a sentence under § 3582(c)(2) if the court has imposed a statutory mandatory minimum sentence. . . . The District Court correctly concluded that . . . it could not modify defendant's sentence under § 3582(c)(2) following the 2007 amendments of the crack-cocaine sentencing guidelines, because it had imposed a statutory mandatory minimum sentence.").

Accordingly, the Court will not reduce Mr. Lopez-Macias's sentence.

## IV. CONCLUSION

For the reasons explained above, Mr. Lopez-Macias's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 is **DENIED**.

**SO ORDERED** at New Haven, Connecticut, this 20th day of December, 2024.

        /s/ Victor A. Bolden
        Victor A. Bolden
        United States District Judge